IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD DAWKINS, | : |
| *Plaintiff*, | : Civil Action No.: 2:23-cv-733 |
| v. | : |
| DUQUESNE LIGHT COMPANY, | : |
| *Defendant*. | : |

**COMPLAINT**

AND NOW, comes the Plaintiff, Richard Dawkins, by and through his undersigned counsel, Sean A. Casey, Esquire, and files the following Complaint:

**Nature of the Action**

This is an action brought for sexual harassment, and sex, race, and color discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a)(1), Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §1981, *et seq., as amended*, Pennsylvania Human Relations Act (PHRA), retaliation under the various statutes, and creation of a hostile work environment. The Plaintiff, Richard Dawkins, seeks declaratory, injunctive and compensatory relief for the discriminatory conduct, the retaliation and hostile work environment he endured, and the violations and misrepresentations made by the Defendant.

**Parties**

1. The Plaintiff Richard Dawkins is a black male individual, approximately forty-seven (47) years of age, and currently resides at 158 Clairmont Avenue, Pittsburgh, PA 15229.

2. At all times relevant hereto, the Plaintiff was a qualified individual, and otherwise possessed of all qualifications necessary to perform the essential functions of the job.

3. The Defendant Duquesne Light Company is an employer within the meaning of the Act, with a place of business located at 411 7th Avenue, Pittsburgh, PA 15219.

**Jurisdiction and Venue**

4. This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. §§1331, 1343, and 1367.

5. This action arises in part under 42 U.S.C. §2000e *et seq.*, as amended by the Civil Rights Act of 1991, and 42 U.S.C. §1981(a).

6. This action also arises under the Civil Rights Act 42 U.S.C. Section 1983 for the violation of Plaintiff's constitutional rights by the Defendant, acting under color of state law.

7. The Court may also maintain supplemental jurisdiction over state law claims set forth herein (or later added) pursuant to 28 U.S.C. §1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction in that they form part of the same case or controversy.

8. Venue in this District is proper under 28 U.S.C. §1391(b)(c).

**Factual Background**

9. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

10. Mr. Richard Dawkins is a black male individual, approximately forty-seven (47) years of age, and currently resides at 158 Clairmont Avenue, Pittsburgh, PA 15229.

11. Mr. Dawkins is filing a Complaint against his employer, Duquesne Light Company that has a place of business located at 411 7th Avenue, Pittsburgh, PA 15219.

12. Mr. Dawkins was first hired by Duquesne Light Company on or about May 2, 2016.

13. He has been working as a trouble shooter since August of 2020 and performs first responder duties.

14. On April 29, 2022, the Plaintiff was sexually assaulted at work by a white male named James Agostoni, a senior operator for the Defendant.

15. The assault occurred at Duquesne Light Company's service center building while the Plaintiff was working.

16. While the Plaintiff was performing a work duty, Mr. Agostoni vulgarly grabbed the Plaintiff's groin, at which point the Plaintiff immediately yelled an expletive.

17. The Plaintiff's scream included a profanity and was loud due to the disturbing feeling and shock he experienced at where he thought was a safe place of employment.

18. The Plaintiff then saw Mr. Agostoni continue walking away from him towards a door, and before walking through the door Mr. Agostoni turned back with a smile that made the Plaintiff feel even more violated.

19. Plaintiff did file a criminal complaint as a result of this incident.

20. At the time of the incident there were other employees at the service center, including a Shanda Mergy, and she is willing to be a witness regarding the incident.

21. As of the date of the assault, he remained off work until his return on July 20, 2022.

22. The Plaintiff was not contacted by his employer until three weeks after he made his claim concerning the assault.

23. The Defendant advised him that they took care of things with the appropriate measures, but couldn't tell him what they had done.

24. It was brought to the Plaintiff's attention that Mr. Agostoni only received a short suspension and then was permitted to return to his same position.

25. The Plaintiff is extremely upset that he was being forced to return to work with Mr. Agostoni and expected to work with him.

26. Due to the troubling affects the Plaintiff has experienced from the assault by Mr. Agostoni and the treatment from the Defendant, he has been under medical care with his personal care physician and a therapist.

27. Plaintiff's condition will be exacerbated by the uncertainty of when and where he would be forced to work with Mr. Agostoni, who would currently be a more senior employee at a worksite.

28. There is no indication that the Defendant did anything to locate a position that would eliminate Plaintiff's contact with his harasser.

29. Defendant had attempted to justify their position by indicating they would be monitoring and retraining Mr. Agostoni, which representation the Plaintiff believes to be untrue based on observations and experience.

30. On or about September 1, 2022, a Charge was filed with the EEOC against the Defendant in this matter.

31. A right to sue letter was issued by the EEOC on or about February 2, 2023 (Exhibit 1), and a Complaint was filed within the ninety (90) days of Plaintiff's receipt.

### **Count 1: Race Discrimination: Title VII and PHRA**

32. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

33. The Defendant expressed discriminatory animus and committed discriminatory acts against the Plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a)(1) and the Pennsylvania Human Relations Act (PHRA).

34. The Plaintiff has been ostracized, omitted, and treated inconsistently with regard to past practices and treated differently than white employees.

35. The Plaintiff has been very clearly and unjustifiable singled out in his department.

36. The Plaintiff is a minority within the Defendant's facility.

37. The Defendant did not address or investigate the sexual harassment, or discriminatory and retaliatory conduct that was occurring in the workplace to the Plaintiff, and by implication created the environment that seemingly condoned such conduct.

38. As a direct and proximate result of Defendant's actions, the Plaintiff has suffered and continues to suffer, lost wages and benefits, lost employment opportunities and future income, as well as humiliation, inconvenience, mental distress, and embarrassment.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in his favor and against the Defendant, and award him damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the academic community, punitive damages, declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

## Count 2: Section 1981 Violation

39. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

40. The acts and conduct of the Defendant, acting under color of state law, where Plaintiff was subjected to a hostile work environment and race discrimination and retaliation by Defendant was a violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitutional and the Civil Rights Act, 42 U.S.C. Section 1981.

41. Plaintiff also exercised his constitutional rights under the United States Constitution by opposing and protesting Defendant's unlawful actions and complaining about being subjected to racial employment discrimination and a hostile work environment.

42. After complaining to Defendant of being subjected to race and color discrimination, Plaintiff was subjected to retaliatory actions by the Defendant for engaging in protected activities under the Constitution and the Civil Rights Act.

43. Defendant also violated Plaintiff's Constitutional Rights by denying him equal protection.

44. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling Plaintiff to punitive damages pursuant to 42 U.S.C. Section 1981.

45. As a result of violations of the Civil Rights Act by the Defendant, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earnings power, loss of back pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in his favor and against the Defendant, and award him damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the academic community, punitive damages, declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

### Count 3: Sexual Harassment and Sex Discrimination: Title VII and PHRA

46.     Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

47.     Plaintiff was subjected to unwelcome and inappropriate contact in the workplace, which he immediately objected to.

48.     Offender employee was laughing and dismissive.

49.     Defendant did not address or investigate the sexual harassment, discrimination, and retaliation that was occurring in the workplace to the Plaintiff.

50.     As a direct and proximate result of Defendant's actions, the Plaintiff has suffered and continues to suffer, lost wages and benefits, lost employment opportunities and future income, as well as humiliation, inconvenience, mental distress, and embarrassment.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in his favor and against the Defendant, and award him damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the academic community, punitive damages, declaratory and

7

injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

### **Count 4: Title VII and PHRA – Retaliation**

51. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

52. Plaintiff was harassed, humiliated, and discriminated against by the Defendant in retaliation for asserting his rights under Title VII of the Civil Rights Act by raising the issues regarding the sexual harassment he endured by his male coworker.

53. The chronology of events in this matter demonstrates clear evidence that the conduct of the Defendant was clearly done in retaliation for complaints and actions filed by the Plaintiff, which have drawn attention and focus to the discriminatory acts of the Defendant.

54. Not only did the Defendant not take measures to correct the discriminatory nature of their criteria, but they engaged in activities to question and discipline the Plaintiff.

55. The Plaintiff exercised rights and opposed discriminatory conduct prohibited by Title VII and PHRA.

56. Defendant's conduct in retaliation for Plaintiff's complaints constitutes unlawful retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C.A. Section 2000e-.

57. As a direct and proximate result of Defendant's actions, the Plaintiff has suffered and continues to suffer, lost wages and benefits, lost employment opportunities and future income, as well as humiliation, inconvenience, mental distress, and embarrassment.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in his favor and against the Defendant, and award him damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the academic community, punitive damages, declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

## Count 5: Hostile Work Environment

58. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

59. Plaintiff has repeatedly endured acts of sexual harassment, discrimination, and retaliation from the Defendant.

60. The Plaintiff's superiors and agents of the Defendant have increasingly responded to him in a manner that was aggressively dismissive, making the Plaintiff feel uncomfortable and unsafe.

61. Defendant has yet to make the Plaintiff whole for monies lost as a result of this incident.

62. As a direct and proximate result of Defendant's actions, the Plaintiff has suffered and continues to suffer, lost wages and benefits, lost employment opportunities and future income, as well as humiliation, inconvenience, mental distress, and embarrassment.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in his favor and against the Defendant and award him damages for past lost wages and benefits, future lost

wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the academic community, punitive damages, declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

A) Grant a permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert and participation with them, from engaging in, ratifying, or refusing to correct, employment practices which interfere with the exercise of rights and/or discriminate in violation of Title VII of the Civil Rights Act, Section 1981 of the Civil Rights Act, and PHRA;

B) Order Defendant to institute and implement training programs, policies, and practices and programs designed to ensure the Defendant provide proper leave and does not retaliate and/or interfere with those who engage in statutorily protected activity;

C) Order Defendant to make whole Richard Dawkins, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, compensate him for lost benefits, and all other affirmative legal and equitable relief necessary to eradicate the effects of its unlawful employment practice;

D) Order Defendant to pay Plaintiff compensatory damages in an amount to be determined at trial;

E) Order Defendant to pay Plaintiff the reasonable attorney's fees and costs and other legal expenses incurred by the Plaintiff in this matter;

F) Order Defendant to remove and expunge, or to cause to be removed or expunged, all negative, discriminatory, and/or defamatory memorandum or other documentation from the Plaintiff's record of employment; and

G) Award the Plaintiff such other legal and equitable relief as the Court deems appropriate and just.

**A JURY TRIAL IS DEMANDED AS TO ALL ISSUES TRIABLE TO A JURY.**

Respectfully submitted,

/s/ Sean A. Casey
Sean A. Casey
PA ID #79806
Email: sean@caseylegal.com

**SEAN A. CASEY, ATTORNEY AT LAW**
First & Market Building
100 First Avenue, Suite 1010
Pittsburgh, PA 15222
T: (412) 201-9090
F: (412) 281-8481

Counsel for Plaintiff, Richard Dawkins