## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD DAWKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 23-733 |
| v. | ) | Judge Nora Barry Fischer |
| | ) | |
| DUQUESNE LIGHT COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I.    INTRODUCTION

This employment discrimination case involving Plaintiff Richard Dawkins' ("Plaintiff")
claims alleging sex/race discrimination and retaliation under Title VII, 42 U.S.C. § 2000e et seq.,
42 U.S.C. § 1981, and the Pennsylvania Human Relations Act, ("PHRA"), 43 P.S. § 951 et seq.
against his current employer, Defendant Duquesne Light Company, ("Defendant"), is scheduled
for jury selection and trial to commence on September 22, 2025. (Docket Nos. 1; 106). Plaintiff
asserts that an expected promotion and raise were unlawfully delayed by Defendant after he was
assaulted by a coworker on April 29, 2022, and subsequently took voluntary leave. (Docket No.
63). He seeks a total of $26,700 in lost wages and potential overtime as well as unspecified
amounts of compensatory damages, punitive damages, attorneys' fees, and costs. (*Id*.). Defendant
counters that Plaintiff's raise was delayed due to his taking voluntary leave and the company's
need to coordinate the schedules of its staff of trainers and other employees so that Plaintiff could
attend and complete necessary training. (Docket No. 65). Defendant also suggests that the lost
opportunity for overtime is not recoverable, Plaintiff's wage loss, if any, should be $304, and he

1

will be unable to prove his entitlement to compensatory damages, punitive damages or attorney's fees and costs. (*Id.*). In its recently filed Witness List, Defendant proffers that it intends to elicit testimony from Plaintiff at trial concerning an incident occurring in June 2025 which led to Defendant disciplining Plaintiff with a 10-day suspension and he has filed a grievance challenging same. (Docket No. 110 at 3-4).

This case has been through extensive pretrial proceedings with the Court issuing decisions addressing numerous motions filed by the defense, including: a motion for summary judgment, which was granted in part, and denied, in part; a motion seeking leave to file a motion for judgment on the pleadings, which was denied; and an initial round of five motions in limine, all of which were denied. (Docket Nos. 51; 97; 98). Despite these prior rulings, and the Court's encouraging counsel to meet and confer to resolve evidentiary disputes in advance of trial,[1] the parties have lodged numerous objections to exhibits, (6 by Plaintiff and 14 by Defendant), and filed 4 additional motions in limine, (2 by each party). (Docket Nos. 116-123; 125-128). The Court has not yet received responses which are due on September 2, 2025, but fully expects to have to adjudicate these disputes along with any other objections regarding deposition designations, jury instructions, and the verdict slip.[2] (Docket No. 106).

Presently before the Court are Plaintiff's Motion to Stay Scheduled Trial and Reopen Discovery,[3] (Docket No. 111), Defendant's Response in Opposition, (Docket No. 129), and

---

[1] The Court notes that counsel for both parties are expected to engage in a meaningful meet and confer in an effort to resolve evidentiary disputes before presenting them to the Court and the same is required under §§ 3.c. and 5 of the Pretrial Order, § II.N. of this Court's Practices and Procedures and § 16.1.C.4. of the Local Rules of the U.S. District Court for the Western District of Pennsylvania. *See e.g.*, Docket No. 106 at §§ 3.c. and 5. Given the number of objections and the nature of the evidentiary disputes lodged here, most of which should have been resolved without intervention of the Court, the Court questions the sufficiency of counsel's conferrals to this point.

[2] At a recent status conference, counsel estimated that the trial of this case will likely take a full week and they estimated that the attorneys' fees and costs each side will incur to bring this case to a jury verdict exceed the figure Plaintiff is seeking in lost wages and overtime. (Docket No. 105).

[3] The Court is more than chagrined that it conducted an in-person status conference on July 8, 2025 and questioned counsel about the status of the related arbitration involving Mr. Agostini and any other issues affecting the

Plaintiff's Reply, (Docket No. 132).  Plaintiff seeks a stay of the trial of this case because he has filed a new EEOC Charge[4] asserting discrimination and retaliation akin to the instant matter due to the discipline imposed on him by Defendant for the alleged June 2025 incident.  (Docket No. 111).  Plaintiff estimates that his lost wages from this recent suspension are between $12,000 and $15,000 and his lost opportunity for overtime during his probationary period would be between $20,000 and $30,000.  (*Id.*).  Defendant counters that its discipline of Plaintiff was necessary and appropriate due to his workplace violation and asks that the trial go forward because it will allegedly be prejudiced by a stay.  (Docket No. 129).

After careful consideration of the parties' arguments, and for the following reasons, Plaintiff's Motion [111] is granted to the extent that jury selection and trial will be stayed pending Plaintiff's filing of his new claims, the parties' completion of expedited discovery on the issues related to those claims and consolidating them for a single jury trial.

## II.    LEGAL STANDARDS

It is well established that the Court retains broad discretion over the management of cases on its docket, including the power to stay cases and consolidate related actions.  *See e.g., Bechtel Corp. v. Local 215, Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976) ((quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)) (A court's power to stay proceedings "is

---

trial date of September 22, 2025, but was not alerted to the alleged workplace violation which took place a few weeks prior in June 2025 nor that Defendant was considering whether to impose discipline for same.  From the Court's view, such information was plainly relevant to whether this trial should have been scheduled for September 22, 2025 and a trial would <u>not</u> have been set if the Court had been advised of these matters.  As far as the Court knows, the arbitration with Mr. Agostini remains unresolved, and the arbitrator has not issued a decision, providing another reason supporting the stay of this trial.  Counsel are reminded of their duty of candor to the Court and are expected to provide the Court with this type of information pertaining to the case. *See Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, Civ. A. No. 09-290, 2012 WL 5409793, at *2 (W.D. Pa. Nov. 6, 2012) (citing Pa. Rules of Prof'l Conduct R. 3.3 (2012)) ("Counsel has a duty of candor to the Court pursuant to Rule 3.3 of the Pennsylvania Rules of Professional Conduct.").

[4]    The Court notes that Plaintiff's counsel advised the EEOC in his August 12, 2025 letter accompanying the EEOC Charge that his office is also "looking at pursuing a Section 1981 Claim, but we know that [the EEOC] does not handle that cause of action."  (Docket No. 129-1 at 3).

incidental to the power inherent in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel and for litigants."); *Cost v. Borough of Dickson City*, 858 F. App'x 514, 516, n.4 (3d Cir. 2021) (quoting *Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964)) ("Rule 42 'confers upon a district court broad power, whether at the request of a party or upon its own initiative, to consolidate causes for trial as may facilitate the administration of justice.'").  When determining whether to exercise the discretion to stay a case, Courts typically weigh the equities between the parties and consider the following factors,

> (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a hardship or inequity for the moving party; (3) whether a stay would simplify the issues and trial of the case; and (4) whether discovery is complete and whether a trial is set.  A court may also consider the length of the requested stay.

*EQT Production Company v. Terra Services, LLC*, Civ. A. No. 14-1053, 2016 WL 7232569, at *3 (W.D. Pa. Dec. 12, 2016) (citations omitted).  "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of the court's discretion to issue a stay." *Sager v. Allied Interstate, LLC*, Civ. A. No. 3:18-CV-220, 2021 WL 9406785, at *2 (W.D. Pa. Dec. 21, 2021) (citation omitted).

III.    DISCUSSION

Having carefully considered the parties' arguments in light of the relevant factors noted above, the Court finds that, on balance, the equities favor Plaintiff's position and will exercise its discretion to stay the trial of this matter.  *See Bechtel Corp.*, 544 F.2d at 1215.  The Court's analysis of those factors follows.

For convenience, the Court initially turns to the second factor evaluating Plaintiff's interests as he is seeking the stay.  *See EQT Production Company*, 2016 WL 7232569, at *3.

Plaintiff is the only party with claims seeking damages and he would typically be incentivized to move the case to verdict more swiftly than Defendant such that it does not appear to the Court that the stay is requested for the purpose of delay. (*See* Docket No. 1). Rather, Plaintiff has established good cause for the continuance because he will be at a clear evidentiary disadvantage if he is subject to questioning regarding the circumstances of the alleged workplace safety incident from earlier this summer, without the benefit of conducting discovery related to same. *See* Fed. R. Civ. P. 16(b)(4) ("[a] schedule may be modified only for good cause and with the judge's consent."); *see also Trask v. Olin Corp.*, 298 F.R.D. 244, 267-270 (W.D. Pa. 2014) (finding good cause to reopen discovery as defense counsel withheld relevant information during discovery which plaintiff did not have access to and misled opposing counsel about existence of certain evidence). Plaintiff's request is also timely as the motion to stay was promptly filed within a week of his new EEOC Charge and the day after Defendant submitted its Witness List proffering that it was intending to elicit testimony about the June 2025 incident from him at trial. (*See* Docket Nos. 110; 111). Further, his counsel appropriately conferred with defense counsel about expediting the EEOC Charge and consolidating these matters but has been rebuffed to this point. (Docket Nos. 111 at ¶¶ 21-22; 132 at ¶¶ 20-24). Overall, the Court believes that this factor strongly weighs in favor of the requested stay.

As to the first factor related to potential harm to Defendant, it seems to the Court that Defendant's complaints about potential prejudice from any delays caused by a stay are overstated and largely within its control. Also, any prejudice has to be averred with particulars and none have been raised here. *Cf. Briscoe v. Klaus*, 538 F.3d 252, 259 (3d Cir. 2008) (quotation omitted) (in context of dismissal as a sanction under Rule 41, "prejudice includes the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly

irremediable burdens or costs imposed on the opposing party."). As noted, setting aside the parties' disputes about the necessity of the discipline imposed for the June 2025 incident, Defendant is the party seeking to introduce such evidence at trial and thereby complicating the present matter. (*See* Docket No. 110 at 3-4).

There are "two sides to every story" and the principles of fairness embodied in the Federal Rules require that all parties to litigation have an equal opportunity to discover the facts before trial. *See Trask*, 298 F.R.D. at 271 (quoting *Aetna Inc. v. Express Scripts, Inc.*, 261 F.R.D. 72, 78 (E.D.Pa. 2009), *which quoted*, *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682-83 (1958)) ("Under the current rules, [...] litigation is 'less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.'"). Here, they should be afforded the opportunity to discover the facts and circumstances related to the recent work episode including the discipline imposed by Defendant. Hence, Defendant must accept some delay due to its asserted need to present this contested evidence at the upcoming trial.[5] (*See* Docket No. 110 at 3-4).

In any event, the Court is confident that the length of the stay can be minimized with case management and anticipates cooperation between counsel to expedite the exhaustion process before the EEOC. To that end, the Supreme Court held in *Fort Bend Cnty., Texas v. Davis*, that EEOC exhaustion is a mandatory claims processing rule that is not jurisdictional, meaning that a defendant can waive or forfeit the exhaustion defense. 587 U.S. 541, 552 (2019). Indeed, this Court recently approved such stipulation of counsel and a joint motion in *Bentley v. Connellsville Area Sch. Dist.*, Civ. A. No. 24-50, whereby Plaintiff voluntarily dismissed a post-complaint EEOC Charge containing discrimination and retaliation claims, an Amended Complaint was filed

---

[5]    As to any delays in this litigation generally, the Court notes that neither party has averred that any evidence will be lost or that a witness will be unable to attend if trial is re-scheduled at some point in the future.

in the lawsuit to add those claims, and Defendant waived any defense of exhaustion of administrative remedies as to same.  (*See Bentley*, Civ. A. No. 24-50, Docket Nos. 30-33).  It is this Court's opinion that counsel's cooperation in *Bentley* significantly expedited pretrial proceedings and streamlined summary judgment practice such that it is now set for trial in December of 2025.  (Civ. A. No. 24-50 at Docket No. 53).

Admittedly, there are some procedural differences between *Bentley* and this case because the deadline for amendments to pleadings has passed which may require Plaintiff to file a new lawsuit rather than amend his Complaint.  (Docket No. 17).  Yet, § 1981 claims do not require administrative exhaustion, (*see* Docket No. 129-1 at 3), permitting Plaintiff to bring such claims expeditiously as a new lawsuit or seek leave to amend the current complaint when the other claims are able to be added by stipulation or otherwise.  *See Anderson v. Boeing Co.*, 694 F. App'x 84, 86 (3d Cir. 2017) ("Section 1981 claims are subject to a four-year statute of limitations but not a comparable administrative exhaustion requirement.").  Pretrial proceedings on the new claims should not be lengthy as written discovery and depositions can be limited to the June incident and subsequent discipline.

Further, this Court's many rulings in this case should inform the parties' respective legal strategies.  (*See* Docket Nos. 51; 97; 98).  The Court will not revisit settled issues and strongly discourages the parties from attempting to "reinvent the wheel" in the new matter.  If a new lawsuit is filed, the two cases can also be consolidated for trial at the appropriate time.  *See* Fed. R. Civ. P. 42(a) ("If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.").

All told, the Court believes that this factor is neutral as Defendant's legal strategy precipitated this need for additional discovery. Its counsel can ameliorate any alleged harm due to delay through cooperation with opposing counsel in expediting discovery.

On the third factor, the Court expects that all claims would be most efficiently presented at a single trial because the legal theories asserted in each appear to be the same, i.e., race/sex discrimination and retaliation, and there is significant overlap of facts, particularly with respect to Plaintiff's background and his work for the company. (*See* Docket Nos. 1; 51; 97; 98; 111; 129). Defendant also admits that the June 2025 incident is relevant to its defenses against the earlier claims seeking damages for the delayed raise and promotion. (Docket No. 110 at 3-4). Given same, the two actions will be ripe for consolidation. *See* Fed. R. Civ. P. 42(a).

Most importantly, the Court is tasked with presiding over cases to bring about the "just, speedy and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, and staying this matter in anticipation of the forthcoming action will likely decrease costs by avoiding unnecessary and duplicative litigation. It is certainly in the interests of judicial economy to conduct a single trial between the same parties litigating similar legal claims and defenses, particularly because employment discrimination cases often involve multiple adverse employment actions. *See e.g.*, *Bentley v. Connellsville Sch. Distr.*, Civ. A. No. 24-50, *supra*.; *Flynn v. City of Scranton*, No. 3:24CV64, 2024 WL 4839367, at *13 (M.D. Pa. Nov. 20, 2024) (consolidating two civil cases filed by the plaintiff as she had "filed the second action to assert claims based upon the supplemental charge of discrimination" and "[t]he actions in both cases involve common questions of law and fact."). Beyond the expected savings by the Court, the amounts in controversy in these matters simply do not justify the anticipated expenses of convening two separate jury trials and both parties should appreciate the attendant cost savings from a single trial. *Cf. Arconic Inc. v.*

*Novelis Inc.*, No. CV 17-1434, 2021 WL 2338738, at *6 (W.D. Pa. June 8, 2021) ("Courts avoid severing claims because a single trial will generally minimize the delay, expense and inconvenience to the parties and the court."). In light of these considerations, the third factor supports the requested stay of this action.

For the reasons already expressed above, the fourth factor likewise counsels the Court to stay the trial of this case. *See* p. 4-7, *supra*. To reiterate, the parties have not yet conducted discovery regarding the June 2025 incident which is relevant to both the defenses asserted in this action and the new claims to be brought by Plaintiff. (*See* Docket Nos. 1; 51; 97; 98; 111; 129). Hence, the requested continuance is both necessary and appropriate.

In this Court's estimation, the three factors favoring a stay strongly outweigh the sole factor regarding Defendant's opposition to the delay, which is neutral, at best, and does not support maintaining the current trial date. *See EQT Production Company*, 2016 WL 7232569, at *3. The Court firmly believes that a continuance of trial is wholly consistent with Rule 1's dictates and that the most efficient case management protocols going forward include staying this case in anticipation of Plaintiff's new claims, permitting the parties to complete expedited discovery on those issues, and conducting a joint trial.[6] *See* Fed. R. Civ. P. 1 (Court and parties are to employ Federal Rules to ensure the "just, speedy and inexpensive determination of every action and proceeding."). Therefore, the Court grants Plaintiff's Motion and will exercise its discretion to stay the trial of this case. *See Bechtel Corp.*, 544 F.2d at 1215.

---

[6]    The Court notes that the parties mediated this case in November of 2023 when prior defense counsel from Littler Mendelson was representing Defendant, but the matter was not resolved. (Docket No. 19). When Magistrate Judge Brown offered to conduct a settlement conference in February of 2025, he was turned down after a brief status conference. (Docket No. 59). As the Court has suggested during later proceedings, this matter would benefit from another ADR session with an experienced neutral and Plaintiff's addition of new claims provides another opportunity for the parties to engage in ADR.

IV.    CONCLUSION

Based on the foregoing, Plaintiff's Motion to Stay [111] is GRANTED.  An appropriate

Order follows.

*s/ Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge


Dated:    August 29, 2025

cc/ecf:    All counsel of record